IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KERI ANN MARIE BREKNE | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| STATE OF PENNSYLVANIA, et al. | : | NO. 14-788 |

FILED

JUN -1 2015

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER-MEMORANDUM

**AND NOW**, this 1st day of June, 2015, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1), and after review of United States Magistrate Judge Timothy R. Rice's Report and Recommendation (Docket No. 7), and consideration of Petitioner's Objections to the Report and Recommendation (Docket No. 9), **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**.

2. The Report and Recommendation of Magistrate Judge Rice is **APPROVED** and **ADOPTED**.

3. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

4. As Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

5. The Clerk is directed to **CLOSE** Civil Action No. 14-788.

On July 9, 2008, Petitioner pled guilty to five counts of aggravated indecent assault, and the state court thereafter sentenced her to thirty-six to seventy-two months' imprisonment on each of the five counts, all to run consecutively. Petitioner subsequently completed direct and Post

Conviction Relief Act ("PCRA") appeals in the state court system, and has since filed the instant Petition for a Writ of Habeas Corpus (the "§ 2254 Petition"). In the § 2254 Petition, Petitioner asserts three grounds for relief from her sentence: (1) that the sentencing court violated her due process rights under the Eighth and Fourteenth Amendments by considering improper factors in connection with her sentencing; (2) that her trial counsel was ineffective in violation of the Sixth Amendment for failing to raise that issue in the trial court; and (3) that the PCRA court violated her Fourteenth Amendment due process rights by failing to recuse itself because of bias. In a thorough and well-reasoned Report and Recommendation, Magistrate Judge Rice recommended that we deny Petitioner's first and third claims because they are procedurally defaulted and meritless, and that we deny her second claim because it is meritless. Petitioner asserts the following Objections to the Report and Recommendation: (1) the Magistrate Judge erroneously recommended that we deny Petitioner's ineffectiveness claim because her due process claim pursuant to the Eighth and Fourteenth Amendments is meritless;[1] (2) the Magistrate Judge erroneously recommended that no miscarriage of justice will arise from a determination that her claim that the court improperly failed to recuse was procedurally defaulted; (3) the Magistrate Judge erred by recommending that her claim that the PCRA court should have recused is meritless; and (4) the Magistrate Judge erred by recommending that no certificate of appealability should be issued.[2]

---

[1] We do not read Petitioner's Objections to take issue with the Magistrate Judge's recommendation that we deny Petitioner's direct due process claim pursuant to the Eighth and Fourteenth Amendments because that claim is procedurally defaulted.

[2] Petitioner also asserts that the Magistrate Judge erred by not making it clear that her ineffective assistance of counsel claim was not procedurally defaulted. However, there was simply no reason for the Magistrate Judge to explicitly recommend that the ineffectiveness claim

2

Petitioner first objects to the Magistrate Judge's treatment of her ineffectiveness claim. Petitioner argues in the § 2254 petition that her trial counsel was ineffective for failing to argue at sentencing that the court violated her Eighth and Fourteenth Amendment due process rights when it considered that Petitioner took "little responsibility," "minimize[d] [her] predatory behavior," "groomed [the] victim," "told [the victim] that [she] owned her," and "involved [herself] in every conceivable kind of controlling behavior that could possibly be rendered on" the victim. (N.T. 10/10/08 at 64-65.) In Petitioner's view, these comments demonstrated that the court took into consideration whether the victim had consented to the charged sexual contact, and she argues that such consideration was improper and violated her due process rights. The Magistrate Judge recommended, however, that this due process claim had no merit and therefore recommended that counsel could not have been ineffective for failing to raise it. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." (citations omitted)).

In her objection, Petitioner contends that the Magistrate Judge's recommendation that the due process claim has no merit is erroneous. According to Petitioner, by considering consent, the sentencing court punished her for a crime she did not commit because consent is not an element of aggravated indecent assault under 18 Pa. Cons. Stat. Ann. § 3125(a)(8), i.e., her crime of conviction, but is an element of aggravated indecent assault under 18 Pa. Cons. Stat. Ann. § 3125(a)(1). Petitioner thus contends that the court essentially punished her for a separate,

---

was <u>not</u> procedurally defaulted because he addressed that claim on its merits. We therefore overrule this Objection to the Magistrate Judge's Report and Recommendation.

3

uncharged, and more serious crime.[3] However, the Magistrate Judge correctly recommended that this argument is meritless because the law is clear that a sentencing judge is permitted to consider the circumstances under which a defendant committed her crimes of conviction. See United States v. Watts, 519 U.S. 148, 151 (1997) (emphasizing the "longstanding principle that sentencing courts have broad discretion to consider various kinds of information" when sentencing defendants); see also 42 Pa. Cons. Stat. Ann. § 9721(b) (stating that Pennsylvania sentencing courts "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"). Consequently, we overrule Petitioner's Objection to the Magistrate Judge's recommendation that her due process claim has no merit and that her ineffectiveness claim is therefore meritless as well.

Petitioner further objects to the Magistrate Judge's recommendation that we deny her claim that her Fourteenth Amendment due process rights were violated when the PCRA court declined to recuse itself for bias. The Magistrate Judge recommended that this due process claim was procedurally defaulted because: (1) Petitioner based her recusal claim in state court solely on state law and therefore failed to fairly present a federal due process claim there, see Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010); and (2) Petitioner failed to allege cause for the default or that failure to review the federal due process claim would result in a fundamental miscarriage of

---

[3] At the time Petitioner was sentenced, Pennsylvania law imposed a mandatory minimum sentence of five years' imprisonment for convictions under 18 Pa. Cons. Stat. Ann. § 3125(a)(1), but there was no mandatory minimum for convictions under 18 Pa. Cons. Stat. Ann. § 3125(a)(8). See 42 Pa. Cons. Stat. Ann. § 9718(a). There is no dispute that Petitioner was not actually sentenced under 18 Pa. Cons. Stat. Ann. § 3125(a)(1) or that she did not receive the mandatory minimum penalty applicable to violation of that statute.

4

justice, see Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). The Magistrate Judge further recommended that, even if the claim was not defaulted, the state court decisions rejecting Petitioner's recusal arguments were not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and were not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d), because Petitioner failed to show that the PCRA court exhibited partiality or bias against her. See Martinez v. Stridiron, 538 F. App'x 184, 188 (3d Cir. 2013) ("Due process requires recusal only when a judge 'has a direct, personal, substantial, pecuniary interest in a case' or when there are 'circumstances in which experience teaches that the [objective] probability of actual bias on the part of the judge . . . is too high to be constitutionally tolerable.'" (quoting Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 867-77 (2009))).

Petitioner now objects to the Magistrate Judge's recommendations regarding this claim, contending that her failure to exhaust her federal due process claim in state court should be excused because a fundamental miscarriage of justice will ensue if we do not consider that claim on the merits. She further argues that the Magistrate Judge mis-assessed the merits of her claim by using a standard that required her to prove actual bias, when due process only requires that she establish that the court exhibited an appearance of bias. Using what she contends is the proper standard, she argues that the state court's comments at sentencing that her conduct was "insidious" and "appall[ing]," and that the crime was the most "heinous" that the judge had seen in 20 years, were sufficient to establish an appearance of bias that violated due process.[4] (N.T. 10/10/08 at

---

[4] The trial court judge who sentenced Petitioner also presided over Petitioner's PCRA proceedings. Accordingly, Petitioner relies on the judge's comments at sentencing to argue that the PCRA should have recused itself.

5

60-63.)

However, unlike Petitioner, we do not read the Magistrate Judge's Report and Recommendation to hold Petitioner to a standard of establishing actual bias, as he properly quoted controlling precedent that due process requires recusal not only when there is actual bias but also when there is merely an "'[objective] probability of actual bias.'" (R & R at 8 (quoting Martinez, 538 F. App'x at 188 (alteration in original).) Moreover, we, like the Magistrate Judge, conclude that the sentencing court's isolated remarks on which Petitioner relies to establish a due process violation are insufficient to establish an appearance of bias. See Liteky v. United States, 510 U.S. 540, 555 (1994) (stating that "judicial remarks . . . that are critical or disapproving of, or even hostile to" a defendant will only support a bias challenge if "they reveal an opinion that derives from an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible"). Accordingly, we overrule Petitioner's Objection to the Magistrate Judge's analysis of the merits of her claim that her due process rights were violated by the PCRA court's failure to recuse, and likewise overrule her Objection to the Magistrate Judge's recommendation that she has not established a fundamental miscarriage of justice to excuse her procedural default of that claim.

Petitioner finally objects to the Report and Recommendation on the ground that the Magistrate Judge erred by recommending that we should not issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). However, for the reasons explained above, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and she has also failed to demonstrate that a reasonable jurist would debate the correctness of this ruling. See Slack v.

McDaniel, 529 U.S. 473, 484 (2000). Consequently, we overrule Petitioner's Objection to the Magistrate Judge's recommendation that we should not issue a certificate of appealability.

For the foregoing reasons, we overrule each of Petitioner's Objections and adopt the Report and Recommendation in its entirety.

BY THE COURT:

John R. Padova, J.